UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRADY S. SIMMONS,

        Plaintiff,    :

v.                                     **Case No. 2:23-cv-1566**
                                         **Judge Sarah D. Morrison**
                                         **Magistrate Judge Chelsey M.**
**OHIO ADULT PAROLE**            **Vascura**
**AUTHORITY,**              :

        **Defendant.**

## ORDER

This matter is before the Court on the May 17, 2023 Report and Recommendation issued by the Magistrate Judge. (ECF No. 2.) After performing an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that the Court dismiss Plaintiff Grady Simmons's Complaint in its entirety for failure to state a claim upon which relief may be granted. (*Id*.) Mr. Simmons timely filed an objection to the Report and Recommendation. (ECF No. 3.) For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 2) and **DISMISSES** the Complaint (ECF No. 1).

I.     **BACKGROUND**

Mr. Simmons is an Ohio state inmate proceeding without assistance of counsel. (ECF No. 1.) He commenced this action on May 9, 2023 against the Defendant, Ohio Adult Parole Authority ("OAPA"). (*Id*.) Mr. Simmons alleges that he was denied due process of law at his parole hearing because the OAPA

predetermined that it would deny his request for parole based on a "49-rule-combination." (*Id.*) He seeks immediate release and $4.85 million in damages. (*Id.*)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Simmons's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (ECF No. 2.) Upon review, the Magistrate Judge recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted. (*Id.*) The Magistrate Judge reasoned:

> "A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Thus, because Plaintiff seeks to establish a due process violation relating to the OAPA's consideration of his parole eligibility, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). If a state's statutes vest complete discretion in the parole board to determine eligibility for parole, no liberty interest exists. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 464–65 (1989) (discretionary prison policies do not create liberty interests implicating the Fourteenth Amendment). Here,

2

> "Ohio does not give inmates a right to parole; the Board has authority to grant or deny a candidate's application at its discretion." *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 24 N.E.3d 1132, 1135–36 (2014)). Because Ohio has a completely discretionary parole system, "Ohio law does not create a protected liberty interest in release from parole." *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012). As a result, Plaintiff is unable to state a viable § 1983 due process claim challenging the OAPA Board's eligibility determination.

(*Id.*, 2–3.)

Mr. Simmons objects to the Magistrate Judge's Report and Recommendation, arguing that this case is not about the denial of his parole, but rather the denial of due process at his parole hearing. (ECF No. 3.) He also argues that, in denying his parole, OAPA breached his plea agreement. (*Id.* at PAGEID # 23.)

The Court finds no error in the Magistrate Judge's reasoning. As to Mr. Simmons's first objection "[a] plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." (ECF No. 2 (quoting *Swihart*, 209 F. App'x at 458). In other words, Mr. Simmons must allege that the denial of due process at his parole hearing resulted in a deprivation of a constitutionally protected interest. Although he complains of the procedure used at that hearing, his Complaint does not identify a deprivation of a constitutionally protected interest. Accordingly, his claim cannot proceed.

In his second objection, Mr. Simmons seeks to add a claim that OAPA breached his plea agreement when it used the "49-rule combination" to determine his parole eligibility. "Plea agreements are contractual in nature, and as such, courts are guided by general principles of contract interpretation when construing

3

plea agreements." *United States v. Moncivais,* 492 F.3d 652, 662 (6th Cir. 2007). Here, Mr. Simmons does not allege that OAPA was a party to the plea agreement or that the agreement limited OAPA discretion in determining parole eligibility. Therefore, he has failed sufficiently allege that OAPA was bound by and in breach of the plea agreement. *Smith v. Anderson*, No. 1:06CV2923, 2009 WL 312755, at *3 (N.D. Ohio Feb. 6, 2009) (citing *Augustine v. Brewer*, 821 F.2d 365, 369, n. 2 (7th Cir.1987)). *See also Barnes v. Combs*, No. 2:11-CV-14484, 2011 WL 5599398, at *3 (E.D. Mich. Nov. 16, 2011) ("Indeed, 'because the determination of parole eligibility is a separate phase of the criminal justice process, plea agreements that bind the prosecution with respect to the filing of additional criminal charges or sentencing recommendations do not, absent a clear intent to the contrary,' bind the decisions of a parole board in determining a prisoner's parole eligibility.") (quoting *Augustine*, 821 F.2d 3 at 369, n. 2).

## IV. CONCLUSION

Mr. Simmons's Objections (ECF No. 3) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 2) and the Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**